# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WESTERN PROGRESSIVE – NEVADA, INC., | Case No. 2:19-CV-1141 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| C. SCOTT GARDNER, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Western Progressive – Nevada, Inc. v. United States of America (IRS), et al.*, case no. 2:19-cv-01141-JCM-DJA.

Defendants Tonya and C Scott Gardner borrowed $201,000 from plaintiff. (ECF No. 1-1 at 5). To secure repayment of the loan, the Gardners executed a promissory note and deed of trust in favor of plaintiff. (ECF No. 1-1 at 5). The Gardners defaulted, and plaintiff conducted a foreclosure sale on December 19, 2018. *Id.* Plaintiff alleges that, after conducting its foreclosure sale, its unpaid debt—$184,207.04—was repaid in full. *Id.* at 6. After paying its reasonable foreclosure expenses and its promissory note in full pursuant to Nevada Revised Statute § 40.462(2), there was a surplus of $85,793.96. *Id.* at 6.

On May 23, 2019, plaintiff Western Progressive – Nevada, Inc. ("plaintiff") filed a complaint in interpleader in the Eighth Judicial District Court in Clark County, Nevada, to establish the proper distribution of the sale surplus. (ECF No. 1-1). Specifically, plaintiff identified tax liens on the property that may be entitled to distribution under Nevada Revised Statute § 40.462(2). *Id.* at 6.

The United States of America (IRS) (the "government") removed the action to federal court (ECF No. 1) and answered the complaint (ECF No. 9).

**James C. Mahan**
**U.S. District Judge**

C Scott Gardner, Tonya Gardner, and the Nevada Department of Taxation have not appeared. On July 31, 2019, plaintiff filed a motion for entry of clerk's default against Tonya Gardner and the Nevada Department of Taxation. (ECF No. 8). On August 16, 2019, plaintiff filed a motion for entry of clerk's default against C Scott Gardner. (ECF No. 11).

Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Obtaining a default judgment is a two-step process:

> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

*See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).

Plaintiff's counsel submitted affidavits in support of plaintiff's motions indicating that plaintiff served Tonya Gardner on June 8, 2019. (ECF No. 8 at 1–2). C Scott Gardner was served on July 19, 2019. (ECF No. 11 at 2). Tonya Gardner failed to respond to the complaint by July 1, 2019, and C Scott Gardner failed to respond by August 9, 2019. (ECF Nos. 8 at 2, 11 at 2). Thus, entry of clerk's default is appropriate as against Tonya and C Scott Gardner.

However, the court can enter a default against the Nevada Department of Taxation "only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Nev. R. Civ. P. 55(e). The government has provided evidence that its lien on the property totals $98,000.21, which includes accrued but unassessed taxes, penalties, interest, payments, and other adjustments through August 16, 2019. (ECF No. 9 at 8–9). The amount of the government's tax lien as of the foreclosure sale on December 19, 2018—the amount the government would be entitled to—is unclear. *See id.* The court has no evidence regarding the amount of the Nevada Department of Taxation's lien. As a result, the court does not find evidence that clearly establishes which party is entitled to the sale surplus and in what proportion. Accordingly, default judgment against the Nevada Department of Taxation is improper.

A status conference is currently set for September 5, 2019, at 10:00 AM before Magistrate Judge Daniel J Albregts. (ECF No. 12 (minute order setting status conference)). The

James C. Mahan
U.S. District Judge

- 2 -

1  Nevada Department of Taxation has not appeared in this action but may have a claim to some
2  portion of the sale surplus. Consequently, the court orders the Nevada Department of Taxation
3  to appear in and respond to this matter by August 30, 2019, so that all three parties can
4  participate in the status conference.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for entry of default (ECF No. 8) be, and the same hereby is, GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that plaintiffs' motion for entry of default (ECF No. 11) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the Nevada Department of Taxation appear in and respond to this matter by August 30, 2019. Failure to appear may result in a default judgment against the Nevada Department of Taxation, and the surplus may be awarded to the government in full.

The clerk is instructed to enter default against defendants C Scott Gardner and Tonya Gardner.

DATED August 21, 2019.

_____
UNITED STATES DISTRICT JUDGE